# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| AKIRA O. JACKSON, | ) | CASE NO.   4:14 CR 147 |
|  | ) | 4:20 CV 1352 |
|  | ) |  |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
|  | ) | AND ORDER |
| Respondent. | ) |  |

This matter comes before the Court on Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (ECF #59), and the Government's Motion to Dismiss that petition. (ECF #62). In response to the Government's motion, Petitioner filed a Motion to Toll Statute of Limitations and/or Motion to Liberally Construe. (ECF #65).

On April 29, 2015, Mr. Jackson pled guilty to one count of being a felon in possession of a firearm, and one count of possession of body armour by a violent felon. He was sentenced on September 2, 2015 to 188 months imprisonment on Count One, and 36 months on Count Two, to run concurrently. He appealed the judgment, and the Sixth Circuit Court of Appeals affirmed his conviction and sentence. He then petitioned for certiorari at the United State Supreme Court, and was denied. The instant motion was filed on June 22, 2020, alleging, primarily that his conviction for being a felon in possession of a firearm was invalidated by the holding in *Rehaif*

*v. United States*, 139 S.Ct. 1291.

As explained in more detail in the Government's Motion to Dismiss, Mr. Jackson's petition for relief is untimely. Defendants are required to file §2255 petitions within one year of the finalization of their conviction. Mr. Jackson's judgment and conviction became final on May 16, 2018, when the Supreme Court denied his petition for certiorari. He did not file his petition under June 22, 2020, more than a year after his window for relief had closed. The *Rehaif* decision did not extend or re-set Mr. Jackson's window for relief because it was not retroactive and did not establish a new rule of constitutional law. *See, Khamisi-El v. United States*, 800 Fed. Appx. 344, 349 (6th Cir. 2020); *United States v. Conley*, No. 5:10 CR 490, 2020 WL 2933560 (N.D. Ohio June 3, 2020).

Mr. Jackson has not established that he satisfies any of the requirements for equitable tolling or that there is otherwise good reason to extend the statutorily prescribed time frame for filing his petition. He admits that at the time his §2255 motion was due, there was no legal basis for him to seek relief. (ECF #65 at p. 3). Because he is mistaken in believing that the *Rehaif* decision re-set the limitations period, he has cited no legal or factual basis that would support acceptance of his untimely filing. The files and records in this case conclusively show that Petitioner is entitled to no relief under §2255, therefore, no evidentiary hearing is required to resolve the pending motions. For these reasons, as well as those set forth in more detail in the Government's Motion to Dismiss, the Court finds that Mr. Jackson's petition is untimely, and no relief can be granted.

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part,

as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a

3

reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*   The Court concludes that Mr. Jackson has failed to make a substantial showing of the denial of a constitutional right and there is reasonable basis upon which to debate this Court's procedural rulings.  Accordingly, the Court declines to issue a certificate of appealability.

For the reasons set forth above, Petitioner's Motion to Toll Statute of Limitations and/or Motion to Liberally Construe is DENIED.  (ECF #65).  The  Government's Motion to Dismiss Defendant's Petitioner's Motion is GRANTED, (ECF #62), and Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #59) must be DISMISSED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: December 14, 2020

4